Felix J. Aulisi, J.
The relator was convicted of disorderly conduct on his plea of guilty to the charge on October 13, 1958, and he received a 10-day sentence. As appears from the docket entry made by the Court of Special Sessions, the execution of the sentence was suspended and the relator was placed on probation for a period of one year subject to certain conditions imposed by the Justice of the Peace which were related to use of alcoholic beverages and good behavior.
On August 31, 1959 upon his plea of guilty, the relator was again convicted of disorderly conduct and the same Justice of the Peace imposed a sentence of 20 days on this conviction. Thereafter the Justice of the Peace found the relator in violation of his probation and revoked the suspension of the execution of the original sentence and imposed a 10-day sentence to serve as punishment on both convictions. He was represented by counsel on each occasion and his appeal to the County Court on the ground of excessiveness of sentence was dismissed and certificate for leave to appeal to the Court of Appeals was denied on April 8,1960, by Judge Stanley H. Full of that court.
On this application for a writ of habeas corpus, relator relies on section 483 of the Code of Criminal Procedure and contends that the Court of Special Sessions was bound by the provisions of said section to place the relator on probation in the manner provided therein and in failing to follow such procedure the Justice of the Peace was without jurisdiction to revoke the suspension of the execution of the original sentence after the longest period for which the sentence might have been made had elapsed.
There is no question as to the power of the court to suspend the execution of a sentence after it has been passed. This power it is said exists at common law arising from the inherent power *852 of the court over its decrees (People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288).
In addition to the common-law right of the court to suspend sentence or suspend the execution of same certain rights have been expressly conferred by statute and these sections also provide for probation and the manner of carrying on the probation and the limitations of probation. Applicable portions of section 2188 of the Penal Law read as folloivs: ‘ ‘ The court, judge, justice or magistrate authorized to impose sentence upon conviction may, * * * (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. * * * The court may, at any time within, the term of such defendant’s probation and while such probation is in force, * * * revoke the order suspending sentence or its execution and may impose such sentence or make such commitment as might have been made at the time of the conviction.”
Section 470-a of the Code of Criminal Procedure authorizes the court to revoke an order suspending the execution of a judgment and to modify such judgment so as to provide for the imposition of any punishment which might have been imposed at the time of the conviction. The applicable portion of said section 470-a reads as follows: “If sentence shall have been imposed and execution of the judgment suspended, the court may revoke the order suspending execution of judgment and order executed the judgment suspended or may modify the judgment so as to provide for the imposition of any punishment which might have been imposed at the time of conviction. The court may impose sentence or order judgment executed with or without modification as hereinabove provided at any time after such suspension of sentence or suspension of execution of judgment within the longest period for which the defendant might have been sentenced or, if the defendant is on probation and the period of probation exceeds the period for which the defendant might have been sentenced, at any time while the defendant remains on probation; but not after the expiration of such period or periods, unless the defendant shall have been convicted of another crime during, such period.”
It is clear from the reading of sections 2188 and 470-a that the Justice of the Peace in this case had ample authority to suspend the execution of the judgment as he did, and to revoke the suspension and the probation, in view of the fact that such action was taken by the Justice of the Peace within the probationary term that the relator was serving.
*853 Section 483 of the Code of Criminal Procedure which is being-relied upon by the relator restates the inherent power of the court to suspend sentence or suspend the execution of the same and it also provides for probation as does section 2188. This section gives the court suspending sentence or suspending the execution of the judgment the power to place a person on probation during such suspension under the charge and supervision of a probation officer, and to have the probation governed by the applicable sections of the Code of Criminal Procedure related to probation (§§ 927-939).
I agree with the position taken by the People in this case. In my opinion the Justice of the Peace was not compelled to place the relator under the charge and supervision of a probation officer as provided for in section 483. I feel that it was within the discretion of the court to decide whether or not the relator should have been placed under the guidance of a probation officer. The Court of Special Sessions, in my opinion, had authority to place the relator on probation, he having- been clothed with such authority by section 2188, and, in my opinion, he was not required to follow the procedure prescribed in section 483. An examination of section 487 of the Code of Criminal Procedure substantiates this position. ’ ‘ ‘ Where, however, the court has suspended sentence or where after imposing sentence, the court has suspended the execution thereof and placed the defendant on probation, as provided in section four hundred and eighty-three of the code of criminal procedure, the defendant must forthwith be placed under the care and supervision of the probation officer of the court committing him until the expiration of the period of probation and the compliance with the terms and conditions of the sentence or of the suspension thereof ” (emphasis added). It would appear, therefore, that the Legislature by specifically referring- to section 483 intended that the provision requiring a defendant to be placed under the care and supervision of the probation officer be restricted solely to a situation where a sentencing court exercises its discretion in the manner provided for in section 483. I, therefore, conclude that the relator was properly placed on probation under the control of the sentencing court and the jurisdiction of the court to act continued during the period of the probation.
The relator also argues that the revocation of the suspension of the original sentence or the revocation of the probation was defective in that the relator was not formally charged and arraigned on the violation and in that he was not given “ an opportunity to be heard ” on the question of violation of proba *854 tian. In my opinion the Court of Special Sessions had sufficient evidence and proof that the relator by his conduct violated the conditions to which his probation was subject. The relator was accorded the opportunity to attack or deny the charges that reflected upon his behavior, and it was within the discretion of the Justice of the Peace to revoke the relator’s probation on the basis of the proof before him substantiated by relator’s plea of guilty on which his second conviction was founded.
The writ is dismissed and an order may be submitted directing the relator to surrender himself to the Sheriff of Warren County. The relator having, however, indicated that in the event of an adverse decision in this proceeding he intends to appeal therefrom, the execution of a warrant may be stayed upon condition that said appeal be prosecuted immediately.